UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN F. SZORADY, SR., ) | Case No.: 1:12 CV 2071 |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| TERRY TIBBALS, WARDEN, ) | |
| Mansfield Correctional Institution, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

On August 9, 2012, Petitioner John F. Szorady, Sr. ("Petitioner" or "Szorady") filed the current Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) in the above-captioned case, challenging the constitutionality of his convictions. Petitioner is currently serving a 74-year sentence at the Mansfield Correctional Institution, having been convicted, following a bench trial, by the Cuyahoga County, Ohio, Court of Common Pleas, of nineteen counts of rape, nineteen counts of sexual battery, one count of pandering sexually-oriented matter involving a minor, one count of intimidation, and one count of possession of a criminal tool. Petitioner raises four grounds for the relief sought:

> [Ground One] The trial court erred in the finding to insure that [Petitioner] waived his right to counsel knowingly, intelligently and voluntarily.
>
> [Ground Two] The trial court erred and misused the [r]ape shield law in this case which violated [Petitioner's] right to confront witnesses who testify against him at trial.

> [Ground Three] The trial court erred and rendered a judg[]ment of conviction in the absence of sufficient evidence to establish the element of force or threat of force.
>
> [Ground Four] The trial court erred by not making a finding of facts specified by the Ohio Revised Code 2929.14(E)(4) necessary to overcome the presumption favoring concurrent sentences in the Ohio Revised Code 292914(A).

(Pet'r.'s Pet. Writ Habeas Corpus at 14.)

Pursuant to Local Rule 72.2, the matter was referred to Magistrate Judge Kathleen A. Burke for preparation of a Report and Recommendation ("R & R"). Magistrate Judge Burke recommended that Petitioner's Petition for a Writ of Habeas Corpus be denied. Specifically, Magistrate Judge Burke concluded that Grounds One and Two fail on the merits and Grounds Three and Four are procedurally defaulted. (R & R at 1, ECF No. 21.) Petitioner filed a timely Objection, objecting to Magistrate Judge's recommendations on Grounds One and Two. (Pet'r.'s Obj. R & R at 2, ECF No. 23.) After conducting a *de novo* review, this court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law, and therefore, the court adopts Magistrate Judge's Report and Recommendation (ECF No. 21) in its entirety.

In denying Ground One, Magistrate Judge concluded that the district court adequately apprised Petitioner "of the dangers and disadvantages of self-representation," and that Petitioner knowingly, voluntarily, and intelligently, clearly and unequivocally stated that he wished to waive his right to counsel. (R & R at 12-14.) The Magistrate Judge pointed specifically to the numerous questions the trial court asked Petitioner, and the information the trial court provided Petitioner, in deciding whether to accept his request to waive his right to representation. (*Id.* at 13.) In his Objection, Petitioner argues that such measures were not enough because the court did not

adequately inquire into Petitioner's reason for waiving representation. (Pet'r.'s Obj. at 7.) Petitioner also argues that his waiver was not voluntary because he felt he had no choice but to represent himself because the court told him that it would not appoint him another attorney. (*Id.* at 11.) This court does not find Petitioner's argument to be well-taken. As detailed in Magistrate Judge's R&R, the trial court applied the rule from *Faretta v. California*, 422 U.S. 806, 835 (1975), and properly satisfied the conditions for a valid waiver. (*See* R & R at 12-15.)

In denying Ground Two, the Magistrate Judge stated that the rape shield law, under Ohio Revised Code § 2907.02(D), was properly applied by the trial court in preventing Petitioner from cross-examining the victim on her sexual activity prior to the time period in which she was impregnated but affording him the opportunity to question the victim about her sexual activity with other partners during the time period in which she was impregnated. (*See id.* at 17-18.) The Magistrate Judge based her conclusion on the application of the rape shield law in the confrontation-clause context, stating that the confrontation clause is not violated where the court prohibits cross-examination on sexual history that is sought to be used to attack a rape victim's general credibility. (*Id.* at 17-18.) Further, the Magistrate Judge stated that the cross-examination on sexual history was not relevant because Petitioner "was charged and convicted of raping and sexually abusing [the victim] numerous times lasting over four years[,] . . . not . . . impregnating her." (*Id.* at 18.)

In his Objection, Petitioner asserts that his attempt to discredit the victim's testimony that Petitioner impregnated her was not an irrelevant attack on the victim's general credibility but, instead, an attempt to discredit specific testimony given by the victim as a witness, which was relevant because the case was predominantly based on the conflicting testimony of the victim and Petitioner. (Pet'r.'s Obj. at 7.) The court does not find Petitioner's argument to be well-taken.

- 3 -

The rape shield law prohibits admitting evidence of a rape victim's sexual history "unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender." R.C. § 2907.02(D).  Further, such evidence is only admissible "to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value." *Id.*  Petitioner's argument that he was not allowed to cross-examine the witness on another possible partner who may have caused the pregnancy is not supported by the record.  As mentioned in Magistrate Judge's R & R, (R & R at 17), and captured in the Trial Transcript, (Trial T. at 1625:11-1630:25, ECF No. 10-5), the trial court stated it would allow Petitioner to cross-examine the victim on sexual partners during the menstrual cycle in which she was impregnated but nothing before or after that period.  This court finds such ruling to be in line with the rape shield law.

Accordingly, this court adopts the Magistrate Judge's Report and Recommendation (ECF No. 21), finding that Petitioner has failed to show either that the state court's decision: (1) resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of fact.  *See* 28 U.S.C. § 2254(d).  Thus, the court denies Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1).  The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                /s/ SOLOMON OLIVER, JR.
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT

April 29, 2015